IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 10-782 |
| | ) |
| vs. | ) Judge Flowers Conti |
| | ) |
| PITTSBURGH PUBLIC SCHOOLS, | ) Electronically Filed |
| et al, | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF THE PITTSBURGH FEDERATION OF TEACHERS**

AND NOW COMES the Pittsburgh Federation of Teachers, by and through its attorneys, John A. Bacharach, Esquire and Bacharach and Michel, and files this Answer, and in support thereof states as follows:

1. It is admitted that Plaintiff has asserted claims under Title VII, the ADEA, 42 U.S.C. §§ 1981 and 1983, as well as state law claims under the PHRA. It is denied that Plaintiff has asserted any viable cause of action under any federal or state law.

2. Admitted.

3. Admitted.

4. The PFT admits that it is a labor organization. It is Local 400 of the American Federation of Teachers. It is denied that the PFT represents all of the Pittsburgh Public Schools

(PPS). The PFT represents only those PPS employees who are employed in positions that are subject to a collective bargaining agreement between it and the PPS.

5. The allegations of Paragraph 5 are directed to another party and a response is not required of the answering defendant.

6. The PFT admits that Davis was classified as a permanent professional (tenured) employee. The PFT believes and therefore avers that Davis's certifications are in Distributive Education(C1665), Coop Education(C2361), and Secondary Guidance(C1838). All of these certifications date from August 25, 1988. The remaining allegations are denied.

7. The allegations of Paragraph 7 are admitted in part and denied in part. It is admitted that Davis worked on special assignment as an acting supervisor for many years before she was furloughed, however, the position that Davis held was not part of a bargaining unit represented by the PFT  The precise number of years Davis was in that position is uncertain. The answering defendant after reasonable investigation is without information to form a belief as to the truth of the remaining allegations and they are therefore denied.

8. The allegations of Paragraph 8 are admitted in part and denied in part. The PFT understands the facts to be that Davis's position required a supervisory certificate. Davis was aware of that fact. The answering defendant, after reasonable

investigation, is without information to form a belief as to the truth of the remaining allegations and they are therefore denied.

9. Denied. After reasonable investigation, the PFT is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. It is, however, admitted that Davis was furloughed along with many other District employees in August 2008.

10. The allegations of Paragraph 10 are directed to another party and a response is not required of the answering defendant. To the extent that a response is required, After reasonable investigation, the PFT is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and they are therefore denied. By way of further answer Davis's former position is not covered by a collective bargaining agreement with the PFT. The PFT, therefore, has no jurisdiction to act on behalf of anyone in that position.

11. The allegations of Paragraph 11 are directed to another party and a response is not required of the answering defendant. To the extent that a response is required, After reasonable investigation, the PFT is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and they are therefore denied. By way of further answer Davis's former position is not covered by

a collective bargaining agreement with the PFT. The PFT, therefore, has no authority to file a grievance on behalf of anyone in that position.

12. The PFT admits that Davis was among the teachers furloughed by PPS in August 2008 and she would have received notice of the furlough. The remaining allegations are denied. There were no openings in the school district that matched Davis' certifications at the time she was assigned out of the CTE Department. To the best of the PFT's knowledge, information and belief, no permanent position existed for Davis when she was removed from her acting supervisory position and she was therefore furloughed. After her furlough, Davis was offered a placeholder teaching position to fill in for a regular teacher who was on an extended leave. However, Davis refused the position offered to her. It is admitted that Davis communicated her opinion to the PFT. Had Davis accepted the position that she was offered she would have had the same pay and benefits as she would have had with a regular position.

13. The allegations of paragraph 13 are directed to another party other than the answering defendant.

14. The allegations of Paragraph 14 are denied. PPS cannot "flip flop" a supervisory position with a vacant bargaining unit position nor can PFT demand such a position exchange occur because there is no provision in the collective

bargaining agreement which provides for a "flip flop" between positions. To the best of the PFT's knowledge, information and belief, no permanent position existed for Davis when she was removed from her acting supervisory position. After reasonable investigation, the PFT is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and they are therefore denied.

15. The allegations of the misnumbered paragraph 14, the second paragraph "14" on page 4 of the complaint is denied. The This paragraph is directed to parties other than the answering defendant. To the extent that a response is required, Plaintiff did not possess the requisite certification to fill Ms. Cook's vacant position and another teacher with proper certification filled that position. There was no action taken by the PPS in filling Ms. Cook's position that was improper. The PFT did not and does not believe that a contractual violation existed and for that reason declined to file a grievance.

16. Denied. The PFT explained the reasons for its actions in a letter to Davis dated October 6, 2008, a copy of which is attached as Exhibit "A". The PFT incorporates by reference its response in paragraphs 14 and 15 herein.

17. Denied. The PFT incorporates its response set forth in paragraph 16 by reference here.

18. The allegations of paragraph 18 are denied. The PFT incorporates its response set forth in paragraph 16 by reference here. Moreover, Davis was offered a position for an employee who was off work for health reasons for most of the school year, but Davis declined that position. Had she accepted that position, she would have received the same pay and benefits as any teacher with her seniority.

19. The allegations of paragraph 19 are admitted in part and denied in part. It is admitted, based on information and belief, that the Carrick High School Business Education teachers are white males and are younger than Plaintiff, however, it is denied Plaintiff possessed the requisite certification to fill the sole vacancy created by Ms. Cook's exiting the high school teaching position for a supervisory position.

20. The allegations of paragraph 20 are admitted in part and denied in part. It is admitted that Davis requested that grievance be filed based on her perception of PPS' actions. However, the basis for the PFT's denial was that there was no contractual violation. The PFT incorporates its response set forth in paragraph 16 by reference here. The PFT denies that it condoned or participated in any unlawful conduct in derogation of the Plaintiff's contractual or protected civil rights. To the best of the PFT's knowledge and information, no such unlawful conduct occurred.

21. The allegations of paragraph 21 are admitted.

22. The allegations of paragraph 22 are admitted in part and denied in part. It is admitted that Plaintiff declined the position. The answering defendant is without information to form a belief as to the truth of the remaining allegations and the same are denied.

23. The allegations of paragraph 23 are denied.

24. The averments of Paragraph 24 are admitted in part and denied in part. The Charge served on the PFT was filed with the EEOC, but it did not include a request for cross filing with the PHRC. Any remaining averments of Paragraph 24 are denied.

25. It is admitted that Plaintiff alleged age, race and gender discrimination in her EEOC filing.

27. The averments of Paragraph 26 are admitted in part and denied in part. It is admitted that the EEOC issued a Notice of Right-to-Sue letter to Plaintiff permitting the filing of Complaint based on her federal statutory claims. The remaining allegations of Paragraph 26 are denied.

### COUNT I

27-30. These paragraphs are related to another defendant and require no response by the PFT. To the extent a response may be required, each averment is denied.

### COUNT II

31. Admitted.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are denied. The scheduling of classes is a matter which is solely within the school district's discretion. The PFT can only file a grievance related to scheduling if it violated the CBA. The PFT is not aware of any such violation.

34. The PFT admits that Davis requested it to file a grievance. The PFT declined to file a grievance because it did not believe that there had been a contractual violation.

35. The PFT admits that Davis filed a charge of discrimination based on age and race with the EEOC which subsequently issued a Notice of Right to Sue. The remaining allegations of this paragraph are denied.

## COUNT III

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 are denied. After

reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

### COUNT IV

42. No response is required, as it states a conclusion of law. To the extent a response is required the allegations are denied as there is no indication on the filing served upon the PFT that Plaintiff had cross-filed her EEOC charge with the PHRC.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied. After reasonable investigation, this defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

46. No response is required, as it states a conclusion of law. To the extent a response is require, the allegaions of paragraph 46 are denied.

WHEREFORE, Defendant Pittsburgh Federation of Teachers denies any liability and respectfully requests judgment be entered in its favor and costs awarded to this Defendant.

### FIRST AFFIRMATIVE DEFENSE

47. Plaintiff failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

49. Plaintiff has failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff failed to exhaust required administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

51. Plaintiff's statutory claims are time-barred as a result of her failure to file administrative charges with the PHRC.

### SIXTH AFFIRMATIVE DEFENSE

52. The PFT's actions were supported by legitimate, nondiscriminatory reasons and were not the result of gender, age or race discrimination nor was is its conduct in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act or any other law.

### SEVENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claim for damages is limited or barred by her refusal to accept the open position offered to her by PPS in 2008.

BACHARACH AND MICHEL

<u>/s/ John A. Bacharach, Esq.</u>
Pa. ID #19665
564 Forbes Avenue
1113 Manor Complex
Pittsburgh, PA    15219
412-391-8713